I2LOBRANO, Judge.
Defendant, Wal-Mart Stores, Inc. (Wal-Mart) appeals a trial court judgment in favor of plaintiff, Gertrude Norden, individually and on behalf of Charles Norden. We reverse.
This case arises from an accident which occurred on June 4, 1995 at the Wal-Mart in Chalmette when plaintiff allegedly tripped over a box which was protruding from the bottom shelf of a rack of merchandise. ■ She claims she lost her balance and fell on her grandson and both fell to' the floor. Plaintiff filed suit against Wal-Mart and the store=s assistant manager, Rodney Brown, seeking to recover damages for injuries sustained in this accident. The claim against defendant Brown was dismissed at the end of trial.
The only witnesses who testified at trial were plaintiff and Wal-Mart assistant manager, Rodney Brown. Plaintiff testified that on June 4, 1995, she was shopping at the Wal-Mart in Chalmette with her daughter and four-year-old grandson. She was walking down an aisle with her grandson by her side when she tripped over a long box which she claims was protruding nine to ten inches from the bottom row of shelves. Plaintiff did not see the protruding box before she tripped. When she tripped, plaintiff fell on her grandson and they both fell to the [ ¿floor sustaining injuries. Plaintiff claims that after she fell, a Wal-Mart employee came over and put the boxes back in place on the shelf before anyone else arrived at the accident scene.
On cross-examination,plaintiff was presented with her earlier deposition testimony in which she stated that her grandson was walking in front of her right before she fell. Plaintiff denied this and reiterated that her grandson was walking beside her. She denied that it was her grandson she tripped over rather than the protruding box. Plaintiff admitted that she does not know the length of time the box was protruding from the shelf before her accident.
Rodney Brown, the Wal-Mart assistant manager, testified that when he arrived to investigate the accident shortly after it was reported, the boxes in question where neatly stacked and were protruding no more than one inch from the end cap of the shelf. Brown did not see any Wal-Mart employee rearranging the boxes in this display. He stated that Wal-Mart employees are responsible for stocking the merchandise on the shelves but that display items are sometimes moved by customers. According to Brown, when he saw the display it was stocked according to Wal-Mart procedures. Brown said that Wal-Mart’s merchandise stocking procedures do not allow items to be placed in a position where they protrude several inches from the end cap of the shelf as described by plaintiff. He took a photograph of the display immediately after plaintiff left the area and this photograph, which was entered into evidence, shows no boxes significantly protruding over the end cap.
Brown testified that he wrote the report for the incident involving plaintiff. He stated that plaintiff told him that she was walking arid tripped over her grandson and also hit her leg on the corner of the end cap. He said plaintiffs -¡.¡grandson did not appear to be hurt and plaintiff continued her shopping after giving her statement to Brown. On the portion of the accident report entitled “Our Comments on How Incident Occurred,” Brown wrote: “From talking with customer it seems she hit her leg then tripped on her grandson or tripped on grandson and hurt her right wrist by falling, however there was nothing unsafe about the end cap.” When questioned about these comments, Brown *932 said that plaintiff told him she was unsure if her fall was caused by hitting the end cap or tripping on her grandson.
Judgment was rendered in favor of plaintiff and against Wal-Mart. Plaintiff was awarded $6,300.00 in damages for her injuries and $2,510.00 for her grandson’s injuries plus legal interest and costs. In reasons for judgment, the trial judge stated that plaintiff tripped over one of the large boxes which were protruding from the display shelf into the walkway and fell on her grandson resulting in injury to both of them. The judge found that the positioning of the boxes on the display constituted a hazardous condition thereby making Wal-Mart liable for these injuries.
In its sole assignment of error, Wal-Mart argues that the trial judge erred in finding Wal-Mart liable because plaintiff failed to prove Wal-Mart had actual or constructive notice of the condition or failed to exercise reasonable care.[1] Plaintiff argues that proof of constructive or actual notice is not necessary where it is shown that defendant created the condition.
La. R.S. 9:2800.6[2], as revised in 1990 and applicable to the instant matter, provided in pertinent part:
IsA. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
To prove constructive notice, a plaintiff must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. As the White court further explained:
“A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.” Id. at p. 4, 699 So.2d at 1084-1085.
| eAssuming as true that the boxes were protruding, that they created a hazardous condition and that plaintiff tripped over one of them, plaintiff still falls short of the burden of proof required by the statute. Plaintiff failed to prove that Wal-Mart either created a hazardous condition or had actual or constructive knowledge of the condition at the time of plaintiffs fall. The Wal-Mart assistant manager testified that store policy *933 does not allow employees to stock shelves with items protruding several inches over the end cap. He also stated that customers sometime move display items. Neither the assistant manager’s testimony nor the plaintiffs testimony established that Wal-Mart created the condition or had actual or constructive-knowledge of it prior to plaintiffs fall. In plaintiffs own testimony, she admits that she does not know how long the boxes were protruding from the shelf prior to her fall. No other testimony or evidence was introduced to establish the time period that the condition existed or who created it. For these reasons, we reverse the trial court judgment and dismiss plaintiffs’ lawsuit against Wal-Mart, with prejudice.
REVERSED AND RENDERED.
ARMSTRONG, J.,-dissents.

. The amount of damages awarded was not appealed.

. The legislature amended this statute by Act No. 8 of the First Extraordinary Legislative Session of 1996 with an effective date of May 1, 1996. Section 2 of that Act states that "the provisions of the Act shall apply only to those causes of action arising on or after the effective date of this Act.” Hereinafter, all references to La. R.S. 9:2800.6 refer to the 1991 version in effect until May 1, 1996.