707 So.2d 489 (1998)
Katherine L. NORTON, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., and National Union Fire Insurance Company, Defendants-Appellants.
No. 97-1060.
Court of Appeal of Louisiana, Third Circuit.
February 11, 1998.
*490 Louis D. Bufkin, Lake Charles, Melvin G. Ripp, Jr., Gretna, for Katherine L. Norton.
John Goulding Swift, Lafayette, for Wal-Mart Stores, Inc., et al.
*491 Before THIBODEAUX, GREMILLION and PICKETT, JJ.
THIBODEAUX, Judge.
Katherine Norton filed suit against Wal-Mart Stores, Inc. and its insurer, National Union Fire Insurance Company, to recover damages sustained from her slip-and-fall accident while on the premises of the Wal-Mart store in Lake Charles. After a bench trial, the trial court rendered judgment in favor of the plaintiff, Ms. Norton, in the sum of $50,000.00. The defendants appeal the judgment of the trial court.
Based on the following reasons, we affirm the judgment of the trial court holding the defendants liable for the damages sustained by the plaintiff.

I.

ISSUES
We shall review and consider:
1. whether the trial court erred in applying an incorrect legal standard, under La.R.S. 9:2800.6, regarding the plaintiff's burden of proof;
2. whether the trial court erred in considering the photographs of the accident scene which were taken nearly two years after the date of the original accident;
3. whether the trial court erred in failing to find that the plaintiff was partially at fault for her own injuries; and,
4. whether the trial court erred by awarding excessive damages for plaintiff's injuries.

II.

FACTS
At approximately 4:45 p.m. on May 29, 1994, Ms. Norton and her companions entered the Wal-Mart store and walked near the vicinity of its bakery department. Ms. Norton's sister and mother were walking ahead of her. As she carried her niece on her back, Ms. Norton slipped on a piece of wax paper which was lying on a floor near a bakery display. Her niece was able to jump free and avoid the fall. Ms. Norton, however, fell to the floor and injured her knee and shoulder. While remaining on the floor, she was comforted by store employees and a customer with paramedic training until she was removed by emergency personnel and transported to St. Patrick Hospital in Lake Charles.
On July 21, 1994, Ms. Norton filed suit against Wal-Mart Stores, Inc. and its insurer, alleging that it created an unreasonable risk of harm by failing to keep its aisles free of debris such as wax paper. Ms. Norton also alleged that the defendant operated its store in a careless and reckless manner. Based on the purported negligent conduct of the defendant, the plaintiff sought damages for the injuries she sustained as a result of her fall.
The trial judge determined that Wal-Mart, had constructive notice of the existence of wax paper on the floor area where the plaintiff fell. The trial judge reasoned that the condition of having the wax paper lying about the floor created an unreasonable risk of harm to the defendant's customers. Thus, the defendant was held liable for the plaintiff's injuries. The trial judge further determined that she did not contribute to her own injuries. The plaintiff was, thereby, awarded $50,000.00 in general and special damages. From this judgment, the defendant now appeals.

III.

LAW AND DISCUSSION

A. Legal Standard
Wal-Mart contends that the trial court erred in applying the legal standard governing the plaintiff's burden of proof in a slip-and-fall case. It argues that she failed to prove it had either constructive or actual notice of the existence of wax paper on the floor in the area of its bakery department. We disagree.
A merchant owes a duty to its patrons to maintain its floors and passageways in a reasonably safe condition. La.R.S. 9:2800.6. The merchant must also keep its premises free of any hazardous conditions which could *492 pose a risk of harm to its patrons. If this duty is breached and a patron sustains any harm as a result of the breach, the merchant is subject to a negligence claim under La.R.S. 9:2800.6(B).
Louisiana Revised Statute 9:2800.6, in pertinent part, provides:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
In White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the Louisiana Supreme Court held that the burden of proof rests with the plaintiff to prove each of the three elements under La.R.S. 9:2800.6(B). The burden of proof does not shift to the defendant at any point during the analysis. Thus, to maintain a negligence suit against a merchant, the claimant must prove:
1) the condition which caused the injury created a foreseeable and unreasonable risk of harm;
2) the merchant had actual or constructive notice that the condition existed for a period of time prior to the accident; and,
3) the merchant failed to exercise reasonable care.
Id. The failure to prove any one of the three elements will negate a claimant's cause of action.
Regarding the first element under R.S. 9:2800.6(B), this court is currently spilt on whether the issue of unreasonable risk of harm is a question of fact or a question of law. See Blanchard v. State, Through the Parks and Recreation Commission, 97-195 (La.App. 3 Cir. 10/8/97), 702 So.2d 768; Migues v. City of Lake Charles, 96-626 (La. App. 3 Cir. 11/6/96), 682 So.2d 946; Miller v. State, DOTD, 95-548 (La.App. 3 Cir.), 679 So.2d 134, writ denied, 96-1674 (La.10/11/96), 680 So.2d 650. Despite this court's divergence over this issue, the same result would be attained in this suit under either analysis. The record shows that, as a matter of law, there is sufficient evidence that the condition created an unreasonable risk of harm. As a factual question, we are required to give great deference to the factual findings of the trial judge. Those findings are reasonably supported by the record and are not manifestly erroneous.
The trial judge determined that the defendant's failure to pick up the papers in a consistent manner created an unreasonably hazardous condition in front of the bakery display. The trial judge reasoned that this condition could foreseeably cause harm to the *493 defendant's customers. In fact, Mr. Gothreaux, assistant store manager of defendant's store, testified that the wax paper which was located on the floor at the scene of the accident was indeed slippery. We conclude that the findings of the trial judge are not manifestly erroneous.
Moreover, in White, the court stated that "[t]o prove constructive notice, the claimant must show that the substance [or material] remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care." Id. at 1086. The court asserted that there is no bright line test regarding the necessary time period. The time period does not require any specificity or degree of certainty. The claimant need only prove that the condition existed for some time period prior to the fall.
In this suit, the trial judge determined that the defendant had either constructive or actual notice that the condition was present prior to the plaintiff's fall. Although the record is devoid of any evidence that the particular piece of paper on which the plaintiff slipped was on the floor, there is adequate evidence that this condition had nearly always been present prior to her fall. As in White, the trial judge focused on the condition and not solely upon a particular piece of paper. It is not necessary to show the exact time period at which the piece of paper was on the floor, but that this condition had previously existed and that the defendant was aware of its perpetual occurrence.
Messrs. Gothreaux and Manning, employees of the defendant at the time of the accident, testified that pieces of the wax paper regularly accumulated on the floor in front of the bakery display. They also testified that, as employees, they were instructed to clean up this condition whenever they became aware of its existence. Based on their testimony, the trial judge reasoned that this accumulation of wax paper on the defendant's floor was a recurring condition. Given the perpetual nature of this condition, the trial judge determined that the condition did exist prior to the plaintiff's fall and that the condition should have been discovered by the defendant exercising reasonable care.
Ms. Lohr, another employee of the defendant, testified that she saw no wax paper on the floor prior to the plaintiff's fall. The defendant argues that the trial judge erred in rejecting the testimony of Ms. Lohr. The trial judge gave greater weight to the testimony of Messrs. Gothreaux, Manning, Welch, and Guillory. The trial judge questioned the credibility of Ms. Lohr's testimony, referring to her testimony as not being credible. A trial court's finding which is based on its decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. 1989).
After reviewing the record, we conclude that the trial judge was not manifestly erroneous in his findings nor in the application of La.R.S. 9:2800.6 to these facts. The condition regarding the wax paper created a foreseeable and unreasonable risk of harm to which the defendant had constructive notice of its existence. The defendant, exercising reasonable, care had sufficient time to remedy this condition, but failed to do so. Such dereliction of duty by the defendant constitutes negligence. Therefore, the defendant is liable for the injuries sustained by the plaintiff as a result of the fall.

B. Introduction of Photographs
Wal-Mart contends that the trial court erred in considering the photographs of the accident scene and other areas of its store which were taken nearly two years after the accident. The defendant asserts that the trial court also erred in accepting the testimony of the witnesses who produced the photographs, Messrs. Clint Welch and Peter Guillory. We disagree.
If, after reviewing the record in its entirety, a court of appeal determines that the trial court's findings are reasonable, the appellate court may not reverse even though it feels that it would have weighed the evidence differently. Rosell, 549 So.2d 840. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Id. at 844. (Citations omitted).
*494 In reaching its determination, the trial judge chose to consider the photographs and to hear the supportive testimony of the photographers, Messrs. Welch and Guillory. The trial judge determined that the photographs were relevant to its determination of this matter. The trial judge also found adequate foundation to admit the photographs into evidence.
Furthermore, the photographs were not introduced to show the condition of the floor at the time of the accident. Instead, the photographs were offered by the plaintiff to refute the adequacy and reasonableness of the defendant's safety procedures. The admission of the photos into evidence was clearly within the trial court's discretion. Therefore, we find that the trial judge did not err in considering either the photographs or the testimony of Messrs. Welch and Guillory.

C. Apportionment of Fault
Wal-Mart further contends that the trial court erred in failing to apportion any fault upon the plaintiff for her own injuries. The allocation of percentages of fault among the parties is a factual determination which is subject to the manifest error standard of review. Clement v. Frey, 95-1119 (La.1/6/96), 666 So.2d 607. In determining the degree of fault assigned to each party, the court must consider the following factors:
(1) whether the conduct result from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.
Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967, 974 (La.1985).
Moreover, in Broussard v. Wal-Mart Stores, Inc., 96-513, p. 12 (La.App. 3 Cir. 11/6/96), 682 So.2d 894, 902, this court held:
Although a customer has a duty to exercise reasonable care under the circumstances, the customer's duty to keep a proper lookout is lessened when merchandise on the merchant's shelves and displays attracts his or her attention. This diminishment of duty is based on the merchant's intentional efforts to draw the customer's attention to the merchandise, which necessarily reduces the amount of attention the customer pays to the path he or she takes. To show that the plaintiff was comparatively at fault, the merchant must prove that the plaintiff actually saw or reasonably should have seen the floor hazard prior to the accident.
(Citations omitted).
In this suit, the trial judge determined that the defendant failed to show any negligence on the part of the plaintiff. Thus, the trial judge held the defendant liable for 100% of the plaintiff's damages. The plaintiff testified that she was unaware that any paper was on the floor prior to her fall. Nevertheless, the plaintiff's duty to maintain a careful lookout is lessened by the defendant's efforts to draw the attention of its customers to the displayed merchandise.
Furthermore, the defendant failed to prove that the plaintiff was aware of the hazardous condition prior to the fall. In light of the record, we give deference to the findings of the trial judge. We do not find an abuse of discretion or manifest error committed by the trial judge.

D. Damages
Finally, Wal-Mart contends that the trial court erred by awarding an excessive quantum of damages for the plaintiff's injuries. As a general principle, the trier of fact has great discretion in assessing an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." Id. at 1261.
As a result of the fall, the plaintiff injured her knee and left shoulder. Her shoulder had to be surgically repaired. At trial, Dr. Rozas, the plaintiff's treating physician, testified that she had two previous injuries to her left shoulder. He further testified *495 that her shoulder was aggravated by the fall. Dr. Rozas stated that, during the surgery to repair the plaintiff's injured shoulder, he found signs of bleeding, signifying a recent injury. Dr. Willis, another physician who treated the plaintiff, testified that he discovered she was experiencing chronic pain and depression.
At the time of her fall, the plaintiff was employed in a dental office, earning $8.00 per hour. After the fall, she was unable to work from May 30, 1994 to June 6, 1995, approximately fifty-five weeks. The record shows that the plaintiff incurred $13,844.61 in medical expenses and sustained $24,200.00 in lost wages as a result of the injuries she sustained from the fall.
Thus, the plaintiff was able to establish special damages in the amount of $38,044.61. The trial judge awarded $11,955.39 in general damages. The total amount of the plaintiff's damages award equaled $50,000.00. After reviewing the record, we find that the trial judge did not err in its assessment of the plaintiff's award of damages. Indeed, we agree with the trial judge that the award is "quite low." He was without authority to grant a higher award because the plaintiff had limited her claim to an amount not exceeding $50,000.00.

IV.

CONCLUSION
Based on the foregoing reasons, we affirm the judgment of the trial court. All costs are assessed against the defendants-appellants, Wal-Mart Stores, Inc. and its insurer, National Union Fire Insurance Company.
AFFIRMED.