**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-31149

CHARLES AUDIBERT,

Plaintiff-Appellant,

versus

DELCHAMPS, INC., ET AL.,

Defendants,

DELCHAMPS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3156-D)

December 11, 1998

Before POLITZ, Chief Judge, EMILIO M. GARZA, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Charles Audibert brought a claim against Delchamps, Inc. ("Delchamps") for injuries he allegedly sustained while on its premises. The district court awarded summary judgment in favor of Delchamps and the instant appeal followed. Our review of the law, the record and the briefs before this court leads us to AFFIRM the judgment of the district court.

I. Factual and Procedural Background

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

1

On January 14, 1996, Charles Audibert entered the Delchamps store in Slidell, Louisiana and proceeded to the produce department. Audibert's walk through the store was aided by a cane. As he reached the produce department, his cane came into contact with a grape on the floor causing him to fall to the floor. During this incident, a Delchamps employee was within six to ten feet of Audibert stocking the area with other produce. Audibert sued the store for injuries he claims to have sustained.

Inasmuch as the merits of this case are governed by state law, the district court stayed resolution of the matter until the Louisiana Supreme Court adjudicated White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997), a case in which similar issues were implicated. The district court found the state supreme court's interpretation of La. R.S. 9:2800.6 controlling and held that Audibert did not make a positive showing that the condition, a grape on the floor, existed for any period of time prior to the fall. Therefore, Audibert failed to show constructive notice, one of the mandatory requirements for a prima facie case under the statute. Accordingly, the district court awarded summary judgment in favor of Delchamps.

## II. Discussion

We review the district court's grant of summary judgment *de novo*. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). This review requires the same analysis employed by the district court. Id. (citing Turnage v. General Elec. Co. 953 F.2d 206, 212 (5th Cir. 1992). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file along with the affidavits filed in support of the motion, if any, indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.; see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The essence of our review rests on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

The state supreme court's decision in White is dispositive on all issues raised by the appellant;

therefore, we affirm based on the reasoning of the district court. In sum, White requires Audibert to show constructive notice which cannot be satisfied by merely showing that an employee was present in the area at the time of the accident. Instead, Audibert must produce "positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." White at 1082; see also Norden v. Wal-mart Stores, Inc., 716 So.2d 930, 932 (La.App. 4 Cir. 1998). Audibert has failed in this regard and creates no genuine issue as to material facts.

Audibert marshals a number of lower court cases, cited in White, to argue that the district court erred when it granted summary judgment. We disagree. Without further explication from the state supreme court, none of the lower court cases cited in White warrants an alternative outcome. See White, 699 So.2d at 1085 n.4(referencing Welch v. Winn Dixie of Louisiana, Inc, 655 So.2d 309, 320 (La. App. 1ct Cir. 1995); Oalmann v. K-Mart Corp., 630 So.2d 911 (La. App. 4th Cir. 1993); Saucier v. Kugler, 628 So.2d 1309 (La. App. 3rd 1993); and Cobb v. Wal-Mart Stores, Inc., 624 So.2d 5 (La. App. 5th Cir. 1993). Moreover, unlike the plaintiffs in the cases referenced in White, Audibert has failed to show that the condition existed for some period of time.

The dissent in Welch categorizes the manner in which certain claimants satisfied a claim for constructive notice. One plaintiff proved by her own testimony that the defendant's employee removed a wet floor sign before the floor was completely dry. Welch, 655 So.2d at 320 (citing Treadway v. Shoney's, Inc., 633 So.2d 841 (La. App. 4th Cir. 1994)). Here, Audibert can offer no comparable proof on how the condition was created besides his bare assertion that the store maintained a dirty produce section. In Oalmann, defendant's own accident report acknowledging that it had been raining on the day in question assisted plaintiff to show constructive notice. Here, no similar admission exists nor does this case involve a constant condition requiring attention such as the collection of puddles and slippery spots due to rain.

In Saucier, plaintiff showed that the store's assistant manager knew, from the angle of the produce shelf, that lemons often fell into the produce aisle, yet inspections of the store were

3

conducted only once per hour. Here, there is no indication that Delchamps created the condition resulting in grapes on the floor by inaction. Finally, <u>Cobb</u> is inapposite because Audibert offers no facts relevant to the genesis of the grape on the floor.

As a final matter, Audibert attempts to bring his case within the purview of <u>Norton v. Wal-mart Stores, Inc</u>. 707 So.2d 489, 492 (La. App. 3rd Cir. 1998). There, the state appeals court held, "[i]t is not necessary to show the exact time period at which the wax paper [or hazardous condition] was on the floor, but that this condition has previously existed and the defendant was aware of its perpetual occurrence." <u>Norton</u> may be distinguished from the case at bar. While Audibert highlights the statement of an employee that there was "always" something on the produce floor, he has failed to show that the condition should have been discovered by the defendant exercising reasonable care. <u>See</u> <u>Norton</u>, 707 So.2d at 493. Audibert slipped on one grape some twenty four feet in front of the the grape section. He has failed to present any information to contradict the Delchamps' statement that it inspected the floor about an hour prior to the accident. These uncontradicted facts do not compare with the more relaxed standard in <u>Norton</u> under which employees testified that they were instructed to clean up the wax paper whenever they became aware of its existence. <u>Norton</u>, 707 So.2d at 493. Accordingly, we decline to follow the state appellate court's reasoning in <u>Norton</u>.

## III. Conclusion

For these reasons, we AFFIRM the judgment of the district court.