726 So.2d 515 (1999)
Grace RIOLO and Mary Ann Woodruff
v.
NATIONAL TEA COMPANY.
No. 98-CA-872
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
Robert J. Caluda, Stephen Juan, New Orleans, Louisiana Attorney for Plaintiff/Appellant Grace Riolo.
Gregory P. Di Leo, Michael D. Meyer, New Orleans, Louisiana Attorneys for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and THOMAS F. DALEY.
GOTHARD, Judge.
Plaintiff, Grace Riolo filed this action for the recovery of damages for injuries sustained in a trip and fall accident on the premises of the merchant defendant. Plaintiff, Maryann Woodruff who is Mrs. Riolo's daughter makes a claim for loss of consortium. The trial court considered and granted a defense motion for summary judgment, thereby dismissing plaintiffs' suit. It is from that judgment that plaintiffs appeal. For reasons that follow, we reverse.
According to the petition, on January 14, 1995, Mrs. Riolo and her daughter, Ms. *516 Woodruff, were walking from their car through the parking lot of the Real Super Store in Metairie. As they approached the front entrance of the store, Mrs. Riolo's feet became entangled in a plastic grocery bag, causing her to trip and fall. The fall resulted in serious injuries.
This action was filed on April 18, 1995, the matter was joined, and discovery was conducted. On December 9, 1997, defendant filed a motion for summary judgment. Pertinent attachments to the motion are the following documents:
1. Answers to interrogatories given by Mrs. Riolo
2. Answers to interrogatories given by Ms. Woodruff
3. Portions of the deposition taken of Mrs. Riolo
4. Portions of the deposition taken of Ms. Woodruff
5. Portions of the deposition taken of Mr. Diego Rose
Plaintiffs filed an opposition to the motion for summary judgment. The opposition included the following attachments:
1. Portions of the answers to interrogatories given by Ms. Woodruff
2. Portions of the answers to interrogatories given by Mrs. Riolo
3. Portions of the deposition taken of Mr. Kevin Kelly
After a hearing on the matter on February 20, 1998, the trial court granted the motion for summary judgment and dismissed the action with prejudice. In written reasons for judgment the trial court stated:
Plaintiffs were pushing a shopping cart towards the store when she tripped over an empty shopping bag and fell. However, plaintiff does not know how the bag came into her path, nor does she know how long the bag was on the defendant's premises prior to her fall. Likewise, she cannot prove that the condition existed for a period of time such that it would have been discovered if the defendant had exercised reasonable care. Thus, plaintiffs have failed to carry their burden of proof and the summary judgment be and is hereby granted.
Plaintiffs filed a motion for new trial which was denied on March 17, 1998. On March 26, 1998, plaintiffs filed an "Expedited Motion & Order to Allow Filing of Depositions", in which they request the depositions of Wayne Babin and Kevin Kelly be admitted as evidence into the court record. There is no indication in the record of any disposition of that motion. On April 9, 1998, plaintiffs filed a motion for appeal, which was granted on May 4, 1998.
LSA-C.C.P. article 966 B as amended in 1997 provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". Further, article 966 A(2) provides that summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action", and is favored. The 1997 amendment to article 966 C(2) also provides that:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Robinson v. Benson Motor Co. of New Orleans, 98-203 (La.App. 5 Cir. 8/25/98), 717 So.2d 1252.
It is well settled in our jurisprudence that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Rapp v. City of New Orleans, 95-1638 (La.App. 4th *517 Cir.9/18/96), 681 So.2d 433; writ denied, 686 So.2d 868 (La.1997); Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086.
Claims made against a merchant for damages arising from injuries sustained as a result of a fall due to a condition existing in or on the premises of the merchant are governed by LSA-R.S. 9:2800.6. At the time plaintiff herein fell the statute read in pertinent part as follows:[1]
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
In White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the Louisiana Supreme Court considered the question of constructive notice under R.S. 2800.6 as it existed in 1995 before the 1996 amendment. In that case the Court explained that:
This statute is clear and unambiguous. The statute uses the mandatory "shall." Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B). The conjunctive "and" follows Section (B)(2). Thus, Sections (B)(1), (B)(2), and (B)(3) are all mandatory. The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden. (Footnotes omitted) Id. at 699 So.2d 1084.
The evidence presented with the motion for summary judgment shows that Mrs. Riolo tripped over an empty plastic grocery bag in the parking lot of the Super Store. Her testimony, as well as that of her daughter, was that the weather was drizzling and windy. Mrs. Riolo testified that she saw other bags and debris blowing around near the entrance to the store. She did not see the bag before her foot became entangled in it. She stated that it could have "blown" there, because it was very windy.
Ms. Woodruff testified that she didn't notice any trash in the parking lot, but after her fall she did see trash and plastic bags against the building. She also testified that the weather was raining and windy. Neither plaintiff had any idea how long the bags had been blowing around. Neither could be sure it was a bag that tripped Mrs. Riolo; however, after she fell they both noticed a plastic bag near her feet. Ms. Woodruff testified that she did not see the bag before her mother tripped, and agreed that it could have just blown there because it was very gusty weather. Both plaintiffs stated that when a representative of the store came out after the *518 accident, he called someone to clean up the area. Shortly afterward, several people began picking up the trash.
The record also contains portions of the testimony offered by Mr. Diego Rose, an employee of the Real Super Store. He was on duty at the time of the accident, but did not witness the fall. Mr. Rose stated that the management of the store assigned people to collect the baskets and clean the parking lot and the area in front of the store.
Plaintiffs opposed the motion for summary judgment in the trial court, arguing that the facts of this case distinguish it from White v. Wal-Mart, supra, in that plaintiff herein did not "slip and fall"; rather, she was injured by the negligence of the defendant as described in R.S. 9:2800.6 A. Consequently, plaintiff argues that it is not necessary to prove the elements required by R.S. 9:2800.6 B.
Merchant's liability as defined in R.S.9:2800.6 is not the exclusive remedy for a patron injured on the premises. In Crooks v. National Union Fire Ins. Co., 620 So.2d 421 (La.App. 3 Cir.1993), writ denied, 629 So.2d 391 (La.1993), the plaintiff tripped over a vacuum cleaner hose an employee was using to clean the floor. As plaintiff attempted to step over the hose which was stretched across the aisle, she suddenly tripped and fell. Plaintiff alleged that the employee pulled the hose just as she stepped over it, causing her to trip. In that case the court applied the rules of general negligence rather than those in R.S. 9:2800.6. The Crooks court held that when the accident is allegedly the result of a specific act on the part of the merchant and not solely the result of a condition found on the premises, the principles of negligence are applicable.
We find that the facts of the instant case place the matter squarely within the scope of the merchant's liability statute. Plaintiff herein claims that she tripped when a plastic grocery bag, one of many littering the area, became entangled in her feet. We believe that is a condition found on the premises which requires plaintiff to meet her burden of proof as set forth in R.S. 9:2800.6 B.
In brief to this court on appeal plaintiffs argue that it is only necessary to show that the hazardous condition existed for a sufficient amount of time to give the merchant constructive notice of the condition. It is not necessary to show the length of time the particular bag which tripped the plaintiff was on the ground. We agree. In Norton v. Wal-Mart Stores, Inc., 97-1060 (La.App. 3 Cir. 2/11/98), 707 So.2d 489, the plaintiff tripped over a piece of wax paper which had fallen to the floor in the bakery section of defendant's store. The Norton court held that it was not necessary to establish when the particular piece of paper over which plaintiff tripped hit the floor because there was adequate evidence to show that this was a condition which was nearly always present prior to her fall. See also, Beninate v. Wal-Mart, 97-802 (La.App. 5 Cir. 12/10/97), 704 So.2d 851, writ denied, 713 So.2d 470 (La. 1998). This decision is consistent with the dictate in White v. Wal-Mart, supra, in which the Supreme Court also focused on constructive knowledge of the hazardous condition.
In the instant case there is sufficient testimony to support the allegation that the Real Super Store knew of the hazardous condition created by trash and plastic grocery bags on the ground around the front entrance to the store. Representatives of the defendant testified that employees were assigned to clean up the area every day. Further, there is evidence that the last time the area was cleaned up was about four hours before the accident occurred.
It is clear from the trial court's written reasons for judgment that the court rendered the summary judgment because plaintiff could not establish how long the particular plastic bag over which she tripped was on the ground. For reasons set forth above, we believe that was an incorrect application of the law. We find the inquiry is whether the defendant had constructive notice of the hazardous condition created generally by the fact that trash and bags were on the ground in front of the store. Accordingly, we find that the trial court erred in granting summary judgment and dismissing plaintiffs' action. We reverse the judgment of the trial *519 court and remand the matter to the trial court for further proceedings.
REVERSED.
NOTES
[1] The statute was amended in 1996, after the date of the accident.