| JAMES L. CANNELLA, Judge.
Plaintiff, Michael Kimble, appeals a summary judgment dismissing his action for damages in a slip and fall case against Defendant, Winn-Dixie Louisiana, Inc. We affirm.
On June 29, 1998, Plaintiff allegedly injured himself when he slipped and fell on a white substance, thought to be egg white, on the floor of the Winn-Dixie grocery in LaPlace, Louisiana. He filed suit on April 13, 1999 for his damages. Defendant responded with a motion for summary judgment, asserting that Plaintiff would not be able to bear his burden of proof under La.R.S. 9:2800.6 that Defendant had actual or constructive notice of the spilled substance because he would be unable to prove the length of time that the egg was on the floor prior to the accident. Plaintiff opposed the motion, attaching his deposition and his and his wife’s affidavits, alleging that he did not need to prove the time period that the egg was on the floor, that one of the store employees was on the scene and saw the substance on the floor. Also, since the yolk was not on the floor with the egg |3white, an employee must have tried to clean the substance. Based on the totality of the circumstances, Plaintiff alleges that the issue of whether Defendant had actual or constructive notice sufficient to impose liability was thus, a disputed issue of fact, and that the summary judgment should be denied.
The motion was heard in December 18, 2000. On January 9, 2001, the trial judge reluctantly granted the motion, finding that Plaintiff would be unable to prove constructive or actual notice based on the current law, which she said, imposes an impossible burden on Plaintiff to show constructive notice. The trial judge stated that “the only way in which a Plaintiff can recover is by obtaining the corroborative testimony of one of the Defendant’s employees who presumably would have to testify that the employee himself was negligent for either not cleaning up a hazardous condition, or for failing to notice such a condition which he should have noticed had he exercised reasonable care.”
On appeal, Plaintiff asserts that the trial judge erred in granting the motion for summary judgment. Plaintiff contends that the trial judge misinterpreted the Plaintiffs burden of proof under La. R.S. 9:2800.6 and White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081.
Plaintiff admits that he cannot identify the length of time that the egg white was on the floor prior to his accident. However, he contends that the trial court must view the totality of the circumstances to determine whether the Defendant had constructive notice under the statute.
La.R.S. 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
LB. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and *989 that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.
In White, the Louisiana Supreme Court considered the question of constructive notice under R.S. 9:2800.6 as it existed in 1995.[1] The Court stated:
The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is 15defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: “such a period of time ...” The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A Defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden. Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time ...” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the -prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden. (Emphasis added)
White, 699 So.2d at 1084-1085.
Chief Justice Calogero, Justice Lemmon and Justice Johnson dissented in White. *990 In his dissent, the Chief Justice stated that the majority employed “an overly strict interpretation of the phrase ‘period of time’ to construe Plaintiffs burden to be essentially to show exactly when the substance fell onto or was placed on the floor.” Justice Calogero said that “this interpretation places a nearly impossible burden on Plaintiff, and such a burden cannot possibly be sustained without an eye witness. Certainly the legislature did not mean to require every Plaintiff to present an eye witness in order to sustain his burden of proof.” He further stated that the statute does not require Plaintiff to prove the length of time that the substance was on the floor. Rather, “the statute only requires the Plaintiff to show that the substance was on the floor long enough ‘that it would have been discovered if the merchant had exercised reasonable care,’ ” and that “a factfinder | ficould reach this conclusion from facts which do not include direct evidence of when the substance was placed on the floor.” White, 699 So.2d at 1087.
In Riolo v. National Tea Co., 98-872 (La.App. 5th Cir.1/26/99), 726 So.2d 515, 518, this Court reversed a summary judgment that had been granted on the basis that Plaintiff would be unable to prove the temporal element of constructive notice at trial. There, Plaintiff alleged that she was injured when she fell in the parking lot of the store. Although she could not state with certainty exactly what caused her fall, the evidence was sufficient to show that a plastic bag tangled around her feet. The evidence in opposition to the motion also showed that it was rainy and windy at the time and that trash and other plastic bags were blowing around or pushed against the wall of the store from the wind. There, we stated that it is not necessary to show the length of time the particular bag that tripped the Plaintiff was on the ground, citing Norton v. Wal-Mart Stores, Inc., 97-1060 (La.App. 3rd Cir.2/11/98), 707 So.2d 489, and finding this conclusion in accord with White.
In Norton, the Plaintiff tripped over a piece of wax paper which had fallen to the floor in the bakery section of Defendant’s store. The Norton court held that it was not necessary to establish when the particular piece of paper over which Plaintiff tripped hit the floor because there was adequate evidence to show that this was a condition which was nearly always present prior to her fall.
In Beninate v. Wal-Mart Stores, Inc., 97-802 (La.App. 5th Cir.12/10/97), 704 So.2d 851, writ denied, 713 So.2d 470 (La.1998), cited in Riolo, Plaintiff slipped on a french fry in the area directly in front of the McDonald’s in the store. This Court found that Plaintiff bore her burden of proof that the hazard existed for some unknown period of time because she testified that the french fry was “black” and 17that it appeared from the condition of the floor around the french fry that carts had rolled over it.
In Babin v. Winn-Dixie Louisiana, Inc., 00-C-0078 (La.6/30/00), 764 So.2d 37, the Court reversed the appellate court and reinstated a trial court judgment granting Defendant’s motion for summary judgement in a slip and fall case. There, Plaintiff claimed that he had been shopping in the store for only five or ten minutes when he slipped and fell on several plastic toothpick boxes, approximately eight or nine inches in length, which were on the floor of aisle # 5. Plaintiff admitted in his deposition that he did not know how the toothpick boxes got on the floor, nor did he know how long they had been on the floor before he fell. Defendant responded with a motion for summary judgment, contending that Plaintiff could not meet his burden of proof under La. R.S. 9:2800.6, as interpreted by the Court in White, because *991 Plaintiff could not demonstrate that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Winn-Dixie submitted the affidavits of one of its sales associates and the store’s produce manager. The sales person was changing a sales display immediately adjacent to the end of aisle # 5 right before the accident. She “last observed the floor at the location of the Plaintiffs alleged accident approximately 10 minutes prior to the incident and the toothpick boxes which Plaintiff alleges to have fallen on were not present as of her last observation.” The produce manager stated in his affidavit that he performed a regular zone check inspection at 11:00 a.m., twenty minutes prior to Plaintiffs accident, and he also contended that there were no toothpick boxes on the floor at that time. Despite the fact that Plaintiff showed a ten minute gap from the time that the sales person saw the area, the Court determined that IsPlaintiff failed to “produce any factual support for his contention that the toothpick boxes were on the floor for some period of time before his fall.” In reversing the court of appeal, the majority found that the appellate court “speculated” that Plaintiff could possibly show at trial that the boxes had been on the floor for some period of time, and that Winn-Dixie’s employee was negligent in failing to observe them and that was insufficient to meet Plaintiffs burden of proof.[2] See also: Oliva v. Winn-Dixie Louisiana, Inc., 99-831 (La.App. 5th Cir.1/4/00), 756 So.2d 444.
La.C.C.P. article 966 B provides that a summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”. C.C.P. article 966 A(2) provides that summary judgment “is designed to secure the just, speedy, and inexpensive determination of every action”, and is favored and Article 966 C(2) states that the burden of proof remains with the movant. “However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine |9issue of material fact.” C.C.P. art. 966 C(2). Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5th Cir.9/16/98), 719 So.2d 1086, 1087.
In this case, Defendant attached a portion of Plaintiffs deposition to the motion. In that excerpt, Plaintiff states that he did not know how long the substance was on the floor. However, he stated that several customers standing two to three feet away, saw him fall. None of the observers admitted to dropping the egg. He stated *992 that he caught himself before falling completely to the floor, but injured his knee in the process.
Plaintiff opposed the motion for summary judgment with his and his wife’s affidavits. In hers, Mrs. Kimble states that she did not witness the incident, but Plaintiff told her about it immediately after he slipped. Mrs. Kimble inspected the area, observed the substance and found a heel print through the “clear membrane of an egg.” She stated that there was no egg yoke or egg shell in the vicinity. After a closer inspection, Mrs. Kimble saw that someone had cleaned up the area adjacent to the egg white. She stated that it looked like whoever cleaned around the membrane must have cleaned up the yoke and egg shell. In Plaintiffs affidavit, he stated that prior to slipping on the clear substance, he saw one of Defendant’s employees stocking the nearby meat counter. Plaintiff asserts that the employee had an unobstructed view of the spot where he slipped. Plaintiff further asserted that after his accident, three customers told him that they had observed someone drop an egg on the floor. There was no evidence as to who attempted to clean up the spillage or when that might have occurred.
It is apparent that the jurisprudence from the Louisiana Supreme Court | ^interpreting R.S. 9:2800.6 has made it almost impossible for a Plaintiff to prove the temporal element to show constructive notice of a hazardous condition in a slip and fall case, as noted by the trial judge in her reasons for judgment here and by Justice Calogero in his dissent in White. Unfortunately, we also agree with the trial judge that Plaintiff would not bear his heavy burden under La.R.S. 9:2800.6 at trial.
First, Plaintiffs affidavits do not provide factual support that Defendant’s employee tried to clean up the egg material on the floor, and that, as a result, Defendant knew or should have known of the hazardous condition and failed to correct it. It could have been a store patron. Secondly, the mere fact that the egg membrane was on the floor when Plaintiff observed an employee stocking the meat department does not mean that the employee was there when the spill occurred, when an attempt was made to clean it, or that he saw the spillage, which, notably was a clear substance. Because these facts fall short of the proof necessary for Plaintiff to prove the elements of actual or constructive notice at trial, we conclude that the trial judge did not err in granting the motion for summary judgment. Accordingly, the judgment of the trial court is hereby affirmed. Costs are to be paid by appellant.

AFFIRMED.

. The 1996 substantive amendments added the second sentence in B.(3) and C.(Z).

. In Norton and Beninate, the issue was addressed at the trial. In those cases, the evidence showed that the hazardous condition existed for some time, albeit unknown, prior to the accident. The issue also arose from a trial judgment in White. In Riolo and Babin, the matter arose in the context of a summary judgment.