# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-30474
Summary Calendar

NORA L. CHATMAN

Plaintiff-Appellant

v.

HOME DEPOT USA, INC.; JIMMY JOHNSON; HOME DEPOT, INC.

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-832

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Nora L. Chatman appeals the district court's grant of the Motion for Summary Judgment filed by Home Depot USA, Inc. and Jimmy Johnson ("Defendants-Appellees") dismissing Chatman's personal injury claims arising from a trip-and-fall accident in Home Depot's store in Lake Charles, Louisiana. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

On the day of the accident, Chatman was in the "plant area" of Home Depot's store shopping for a palm tree. After designating the plant she wanted to purchase, Chatman waited and watched as employees of the store dragged the large plant out of the display area. Chatman requested that one of the employees bring a cart suitable for moving the plant to Chatman's vehicle, and the employee proceeded to do so. That employee returned with a "bright orange flat cart" measuring approximately three or four by four or five feet and standing some two and a half feet tall, then left the cart in the public area behind the spot where Chatman was standing. The cart was in an open, visible area of the store and remained there for some time before Chatman — without turning or looking to observe what might lay behind her — took steps backwards and tripped and fell over the cart, incurring injuries.

Chatman sued Defendants-Appellees in state court in Calcasieu Parish, Louisiana; Defendants-Appellees removed the action to the district court; Chatman's Motion To Remand was denied; and Defendants-Appellees filed the aforesaid Motion For Summary Judgment seeking dismissal on the basis of Louisiana tort law, which motion was granted by the district court.

## II. ANALYSIS

Although Chatman asserts that there are disputed issues of material facts controlling the outcome of this case and thus eschewing summary judgment, the district court granted judgment based on the facts asserted by Chatman and those that are not in dispute. The court analyzed the operable facts under Louisiana's law of premises liability pursuant to Louisiana Civil Code Article 2317.1 which states in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he

knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

The court relied primarily on the pronouncement in *Riolo v. National Tea Co.*, 726 So.2d 515 (La.App. 5th Cir 1999), to the effect that "[W]hen the accident is allegedly the result of a specific act on the part of the merchant and not solely the result of a condition found on the premises, the principles of negligence are applicable." (Citing *Crooks v. Nat'l Union Fire Ins. Co.*, 620 So.2d 421 (La.App. 3d Cir. 1993), *writ denied*, 629 So.2d 391 (La.1993)). Although Chatman insists that Article 2317.1 of the Louisiana Civil Code is not the proper theory for deciding her case, and that the court should have applied Louisiana's merchants' liability statute, La.Rev.Stat.Ann. §9:2800.6, we perceive no legal error in the court's application of the Civil Code's theory of premises liability. Moreover, when we analyze the applicable facts for purposes of summary judgment, we agree with the district court that, under pertinent provisions of Louisiana law and the jurisprudence of that state construing such law, the bright orange flat cart of uncontested dimensions, including its height of some two and a half feet, located in the public shopping area of the Home Depot store where Chatman had been standing and shopping and looking around for a significant period of time, constituted an open and obvious condition that, with a modicum of care and attention on Chatman's part, could have — and should have — been observed and avoided.

For essentially the same reasons set forth by the district court in its Memorandum Ruling of May 28, 2009, we hold that Defendants-Appellees are entitled to summary judgment dismissing Chatman's action.

AFFIRMED.