574 So.2d 407 (1991)
Ronald CANNATELLA, Sr., et al.
v.
CAMP, DRESSER & McKEE, INC., River Road Construction Company, Inc., and Parish of Jefferson.
No. 90-CA-553.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 1991.
Writs Denied March 22, 1991.
*408 Gwendolyn S. Hebert, Hulse, Nelson & Wanek, New Orleans, for defendants-appellants.
*409 Curtis C. Kronlage, Charles A. Kronlage, Jr., Joseph Raspanti, New Orleans, for plaintiffs-appellees.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
This appeal relates to a property damage and personal injury action arising out of work performed by one of the defendants in the construction of a sewerage lift station. We amend in part, set aside in part, and affirm in part.
ISSUES
We are called upon to determine four specific issues:
(1) Whether the trial court's judgment awarding property damages is manifestly erroneous;
(2) Whether the jury's verdict awarding damages for mental anguish is manifestly erroneous;
(3) Whether the trial court's finding that plaintiffs were contributorily negligent is manifestly erroneous; and
(4) Whether the trial court abused its discretion when charging the jury by failing to include certain instructions proposed by the defendant.
FACTS AND PROCEDURAL HISTORY
As part of its parish-wide improvement of sewerage collection and treatment mandated by the Environmental Protection Agency, Jefferson Parish instituted construction of numerous sewerage lift stations throughout the Parish. One of these lift stations was constructed on Parish property adjoining the Ronald Cannatella, Sr. family home.
On March 18, 1987, following the completion of the lift station, Mr. Cannatella filed suit against the owner of the lift station, Jefferson Parish; the engineers of the station, Camp, Dresser & McKee, Inc., the general contractor of the station, River Road Construction, Inc. (River Road); and a subcontractor, Switzer Mechanical Contractors, Inc., claiming various damages arising from the construction of the lift station. By subsequent amendment, Mr. Cannatella's son, Ronald, Jr., was added as a plaintiff; additionally, Frances Cannatella Nudo intervened on her own behalf as co-owner of the Cannatella home, and on behalf of her minor daughter, Gena. In their suit, Ronald and Frances Cannatella claim damages to their home and lot allegedly caused by the construction project and all plaintiffs claim damages for mental anguish allegedly suffered in connection with the construction.
Thereafter, American Casualty Company, insurer of River Road, was added as a defendant. Additionally, shortly before trial, plaintiffs amended their pleadings attempting to add several other parties as defendants.
Trial of the matter proceeded by way of bifurcated trial with the claim against Jefferson Parish being decided by the trial judge and all other claims being tried by a 12-member jury. At the close of the plaintiffs' case, the trial judge ordered a directed verdict in favor of Switzer Mechanical Contractors and entered an involuntary dismissal in favor of several defendants, leaving River Road, Jefferson Parish, and Camp, Dresser & McKee, Inc. and their insurers as defendants.
Following a week-long trial, the jury rendered its verdict by responding to jury interrogatories, finding plaintiffs sustained damages caused by River Road, but finding Camp, Dresser & McKee, Inc. free of negligence. The jury further found that 60 percent of plaintiffs' damages was caused by River Road's negligence, 25 percent was caused by River Road's pile driving activities, and 15 percent was caused by the plaintiffs' own contributory negligence. The jury assessed damages as follows:
(1) $5000 for loss of value of the plaintiffs' home;
(2) $12,000 for the costs of repairs to the home, yard, and garden;
(3) $5000 to Ronald Cannatella, Sr. for mental anguish;
(4) $15,000 to Frances Cannatella for mental anguish;
(5) $20,000 to Gena Cannatella for mental anguish; and

*410 (6) $20,000 to Ronald Cannatella, Jr. for mental anguish.
The trial judge rendered judgment in accordance with the jury's findings, including the reduction for plaintiffs' contributory negligence. Thus, the final judgment awarded $14,450 to Frances and Ronald Cannatella, Sr. for loss of value and damage to their home. For mental anguish, Mr. Cannatella, Sr. was awarded $4250; Frances Cannatella was awarded $12,575; Ronald Cannatella, Jr. was awarded $17,000; and Frances Cannatella, as tutrix of Gena Cannatella, was awarded $17,000. Additionally, on July 20, 1990, the trial court rendered judgment in favor of Jefferson Parish, dismissing the plaintiffs' claims against it with prejudice.
River Road and its insurer then moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. The plaintiffs also sought a J.N.O.V. on the issue of contributory negligence. The trial court denied these motions. This appeal followed wherein both plaintiffs and defendants assign various errors in the proceedings in the trial court.
ANALYSISISSUE ONE
The jury found plaintiffs' damages caused, in part, by River Road's negligence in constructing the lift station and, in part, by River Road's pile driving activities under a strict liability theory.
The record reveals that the plaintiffs offered the testimony of several witnesses, both experts and laymen, together with several exhibits, pictures, and reports which collectively show that, prior to construction of the lift station, the home had no problems with ground subsidence nor with its plumbing. After construction commenced, however, several problems arose, including significant soil movement which caused disruption to both the landscaped yard and home. Walls in the home cracked; the landscaped yard was disturbed; sewerage lines under the home were damaged, causing a raw sewerage stench to emanate from under the home; tiles fell off of walls; and mildew formed in the bath area. The record is replete with testimony and other evidence from which the jury could conclude that River Road was negligent in its construction and this negligence, combined with its pile driving, led to the damage.
Likewise, we find the jury's damage awards for costs of repairs to the home and yard and for loss of value to the home amply supported. The estimated cost of repairing the plumbing alone is $5000 to $7000. Added to that cost is the amount needed to repair other damages both inside the home and to the yard. Furthermore, testimony indicated the problems are likely to recur in the future, thereby decreasing the value of the Cannatella home. Ergo, as reasonable men, we cannot say the jury erred.
ISSUE TWO
Louisiana jurisprudence has catagorized four instances where an award for mental anguish as a result of damage to property is recoverable: (1) property is damaged by an intentional or illegal act; (2) property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) property is damaged by acts constituting a continuous nuisance; and (4) property is damaged at a time in which the owner is present or situated nearby and the owner experiences trauma as a result. Royal Constr. Co. v. Sias, 496 So.2d 1301 (La.App. 3d Cir.1986); Elston v. Valley Elec. Membership Corp., 381 So.2d 554 (La.App. 2d Cir. 1980).
Additionally, we recognize that our review of quantum awards is limited. As explained by the Louisiana Supreme Court in Coco v. Winston Indus., Inc., 341 So.2d 332, 335 (La. 1976) (citations omitted),
before a Court of Appeal can disturb an award made by a trial court[,] ... the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate *411 for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.
In reviewing the awards for mental anguish in light of the record facts, we conclude the jury did abuse its discretion. The testimony of all four of the plaintiffs does reveal evidence from which the jury could find that plaintiffs experienced considerable mental anguish, inconvenience, discomfort, annoyance, embarrassment and unpleasantness from having to endure both the pile driving and the construction and the manifestations of these activities which have continued over a significant period of time. However, we find the award to be excessive. Upon reviewing prior awards in similar cases, we conclude that the awards for mental anguish to Frances Cannatella, Gena Cannatella, and Ronald Cannatella, Jr. should be reduced by 20 percent, thereby awarding Frances $12,000, Gena $16,000, and Ronald $16,000. Additionally, we find the awards to Ronald Cannatella, Sr. should be reduced by $1500. In all other respects, we find the award proper.
ISSUE THREE
The jury's finding that the plaintiffs were contributorily negligent in causing their damages is seriously lacking evidentiary support. Although plaintiffs testified that they made several complaints to the defendants about the effects the construction was having on them, witnesses for the defense dispute these contentions to a large degree. Apparently the jury found the defendants' story credible and felt that the plaintiffs could have done more to seek relief from the defendants during construction. However, the evidence shows that the plaintiffs reacted the best they could under their financial circumstances. We conclude, therefore, there was not a reasonable factual basis for the jury's finding. Ergo, we set aside the finding of contributory negligence.
ISSUE FOUR
When charging the jury, the trial judge failed to include the following charges proposed by defendant, River Road:
Louisiana law requires that an injured person exercise the diligence and care of a man of ordinary prudence to minimize his damages.
The doctrine of "avoidable consequences" bars recovery of those damages which occurred after the initial injury and which might have been averted by reasonable conduct on the part of the plaintiff, the standard being that of a reasonable person under like circumstances.
Louisiana law requires an injured person to take reasonable steps and to exercise the diligence and care of a man of ordinary prudence to minimize his damages.
A person must use such means as are reasonable under the circumstances to avoid or minimize damages after discovering that another person has committed a tort or other legal wrong against him; the person wronged cannot recover for any item of damage which could thus have been avoided. One cannot stand by and allow himself to be damaged when, by his own action, he could prevent or lessen the damage.
Under the doctrine of mitigation of damages, if a reasonably prudent person would have prevented or limited the extent of damages, the plaintiffs may not recover for those damages which could have been prevented. This duty to mitigate damages may require a person to expend reasonable sums to avoid additional losses.
An owner of damaged property has the responsibility to act within a reasonable period of time to protect his or her property from further foreseeable damage which could easily be averted.
Although damaged property may be accompanied by worry, consternation, discomfort and inconvenience, the owners of the damaged property may not recover for mental anguish unless they prove a psychic trauma in the nature of or similar to a physical injury, directly resulting from the property damage.

*412 Where plaintiffs do not seek treatment for any mental disorder, but merely experience the ordinary worry and frustration associated with damaged property, you may not award damages for mental anguish.
Our jurisprudence is well-settled that, in making his charges to a jury, a trial judge is not required to give the precise instructions submitted by either party, but, rather, must give instructions which properly reflect the law applicable in view of the facts present. The adequacy of jury instructions must be determined in light of the instructions as a whole. Creel v. S.A. Tarver & Son Tractor Co., 537 So.2d 752 (La.App. 1st Cir. 1988); Laborde v. Velsicol Chem. Corp., 474 So.2d 1320 (La.App. 3d Cir.1985), writ denied, 480 So.2d 738 (La. 1986). Furthermore, we note that correlative to the trial judge's duty to charge the jury as to the applicable law, is the right that the jury get only the correct law. Additionally, the trial judge does not commit error in refusing to give a requested special charge where such charge is in effect included in his general charge. Haynes v. Baton Rouge Gen. Hosp., 298 So.2d 149, 157 (La.App. 1st Cir. 1974), writ denied, 302 So.2d 33 (La. 1974).
The record demonstrates that the trial judge did explain in detail the concept of contributory negligence and gave a general charge on damages, including damages for mental anguish. Accordingly, after reviewing in toto the trial court's charges to the jury, we find the defendants' proposed charges, cumulative and somewhat misleading, were properly refused and were more appropriately stated in the trial judge's general charge to the jury.
Finally, we note that other issues have been raised which we find either have no merit or need not be addressed in light of our findings.
For the reasons assigned, the trial court judgment dated February 14, 1990 is hereby amended to read:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiffs for the following amounts and against River Road Construction Company, Inc. and American Casualty Company, in solido, plus all costs of these proceedings:
Frances Cannatella and Ronald Cannatella, Sr. for loss of value and damage to their home SEVENTEEN THOUSAND AND NO/100 ($17,000) DOLLARS;
Ronald Cannatella, Sr., THREE THOUSAND FIVE HUNDRED AND NO/100 ($3500) DOLLARS;
Frances Cannatella, TWELVE THOUSAND AND NO/100 ($12,000) DOLLARS;
Ronald Cannatella, Jr., SIXTEEN THOUSAND AND NO/100 ($16,000) DOLLARS;
Frances Cannatella, as the natural tutrix of the minor, Gena Cannatella, SIXTEEN THOUSAND AND NO/100 ($16,000) DOLLARS.
In all other respects, the judgment of the trial court is affirmed. The parties to this appeal are to bear their own costs.
AMENDED IN PART, SET ASIDE IN PART, AND AFFIRMED IN PART.