695 So.2d 1063 (1997)
Jason ORILLION, et al.
v.
ALTON OCHSNER MEDICAL FOUNDATION, et al.
No. 97-CA-115.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1997.
Joseph R. Ward, Jr., Lisa A. Condrey, Ward, Nelson & Pelleteri, New Orleans, for Plaintiffs/Appellants.
Winston Rice, Ella C. Goodyear, New Orleans, for Defendants/Appellees.
Before BOWES, GOTHARD and DALEY, JJ.
GOTHARD. Judge.
Plaintiffs, Jason Orillion, et. al., appeal a summary judgment granted to defendant, The Aluma Systems USA, Inc. a/k/a The Burke Company (hereinafter referred to as "Burke"). We affirm.
This suit arose from a workplace accident. Brice Building Co., Inc. was hired by Alton Ochsner Medical Foundation and Ochsner Clinic for construction of a building in Jefferson, Louisiana. The defendant, Burke, entered into a contract with Brice to provide rental, initial erection, and dismantling of the scaffolding at the job site. Burke was requested *1064 to erect the scaffolding in two stages. First, the scaffold was to be erected on the north and west sides of the building. When construction was finished on that side Burke was to dismantle the scaffold and erect scaffolding on the south and east sides of the building.
The scaffolding itself is constructed of five levels of "arch frames" 6'4" high. Each frame has a floor or "deck" composed of three 10' by 20" boards called Mac decks in addition to a fourth 10' by 20" board called the "outrigger" board. Brice contracted with Burke to install the flooring only on the first level of the scaffolding. The lower level was fully decked by Burke. Brice could have contracted to have a fully decked scaffold; however, they elected to have the subcontractors remove the boards and install them on the upper decks as the ongoing construction dictated. Burke was not hired to provide personnel to move the boards upwards during the construction. When the work on the north and west sides was near completion Burke came to the site to dismantle the scaffolding and erect in on the east and south sides of the building. Burke again fully decked only the lower level of the scaffolding, per agreement. At this time Brice rented from Burke extra boards from the dismantling for use by the subcontractors, including Rush Masonry, Inc. and Interior Systems of Louisiana, Inc. Burke had no information regarding how or whether Brice actually used the boards.
On the date in question plaintiff, employed by Rush Masonry, Inc., was removing boards from the outriggers when he stepped back and fell backwards through a hole in the scaffolding created when someone removed a board from the deck upon which he was standing. Burke was not on site on that day, nor were they hired to be on site.
Plaintiff filed a lawsuit against Alton Ochsner Medical Foundation, Ochsner Clinic, Brice Building Company, The Burke Company, and Interior Systems of Louisiana. Defendants The Burke Company, and Interior Systems of Louisiana both brought motions for summary judgment. Plaintiff brought a motion to strike two Exhibits attached to Burke's motion. The trial court granted plaintiff's motion to strike, denied Interior System's summary judgment, and granted Burke's motion for summary judgment. It is from the grant of Burke's motion for summary judgment that plaintiff appeals.
La. C.C.P. art. 966 holds that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. A fact is material only where its existence or non-existence is essential to plaintiff's cause of action under the applicable theory of recovery. Advanced Orthopedics L.L.C. v. Moon, 95-76 (La.App. 5 Cir. 5/30/95) 656 So.2d 1103. Once the moving party has met this burden, the adverse party may not rest on the mere allegations of his pleadings and his response must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967; Trondsen v. Irish-Italian Parade Committee, 95-28 (La.App. 5 Cir. 5/10/95); 656 So.2d 694, writ denied 95-1467 (La.9/22/95), 660 So.2d 476.
Previously, summary judgments were not favored by law. However, after the 1996 amendment, La. C.C.P. art. 966 now proclaims that the procedure is favored and should be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.
It is incumbent upon plaintiff, therefore, to set forth specific facts showing that there is a genuine issue for trial. Plaintiff, however, fails to do so. Rather, he argues that a shortage of usable boards created an unsafe condition and that Burke is strictly liable under La. C.C. art. 2317 and negligent under La. C.C. art. 2315 for that condition. Plaintiff further argues that defendant is not entitled to summary judgment because they have not completed discovery in this case.
To prove liability under La. C.C. art 2317, plaintiff must show that the thing which caused damage was in the care and custody of the defendant, the thing had a vice or defect that created unreasonable risk of injury to another, and the defect caused injury. 2304 Manhattan Blvd. Partnership v. *1065 Louisiana Power & Light Co., 94-192 (La. App. 5 Cir. 9/14/94), 643 So.2d 1282.
Appellant presents no evidence to show that Burke was in care or custody of the scaffolding at the time of the accident, nor do they show that the scaffolding itself had a defect which created an unreasonable risk of injury. Instead, plaintiff argues that the shortage of boards, due to their use by other subcontractors, led to the condition which caused the accident. Burke was only bound by contract to fully deck the first level of the scaffolding. The evidence shows that Burke fulfilled their obligations under the contract and supplied adequate boards to deck, and did in fact deck the first level. We do not find, under these circumstances, that Burke had any duty to anticipate the use of the boards by other subcontractors. Plaintiff presents no evidence to show that the scaffolding was defective, or that it did not conform to applicable OSHA standards. Therefore, Burke is not liable to plaintiff under La. C.C. art. 2317.
Plaintiff's case in negligence is based upon a hazard created by removal of one or two boards. Parker v. State Farm Fire and Cas. Co., 348 So.2d 91 (La.App. 4 Cir.1977), writ denied 350 So.2d 1208 (La.1977), holds that the owner of a scaffold with no inherent defects ordinarily would not be deemed negligent when a hazard is created by removal of a board by a third person without the owner's knowledge. A plaintiff's claim, based on negligence, depends upon proof that the owner's employee or agent removed the board. The evidence clearly shows that Burke was not present on the day of the accident. Plaintiff offers no assertion or proof that an employee or agent of Burke removed the board. Therefore, we do not find Burke negligent under La. C.C. art. 2315.
Plaintiff fails to show that Burke had any duty under La. C.C. arts. 2315 and 2317, and presents no genuine issue of material fact, therefore we find that the trial court was correct in sustaining Burke's motion for summary judgment.
Appellant finally argues that the grant of the Motion for Summary Judgment was premature because they did not have adequate time to complete discovery. Plaintiff filed suit in this case on August 2, 1995; the motion for summary judgment was heard on August 8, 1996, over one year past the filing date. There is no absolute right to delay trial court's consideration of a summary judgment motion until discovery is completed; rather, the trial judge has discretion to issue a summary judgment or to require further discovery. Smith v. Estrade, 589 So.2d 1158 (La.App. 5 Cir.1991). We find that where 12 months has elapsed from the date the suit was filed until the hearing on the summary judgment motion, the trial court did not abuse its discretion.
For the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.