717 So.2d 1252 (1998)
Rebecca ROBINSON
v.
BENSON MOTOR COMPANY OF NEW ORLEANS, et al.
No. 98-CA-203.
Court of Appeal of Louisiana, Fifth Circuit.
August 25, 1998.
*1253 Cardell A. Thomas & Associates, Inc., Hilliard C. Gazande, II, New Orleans, for Appellant Rebecca Robinson.
Richard S. Vale, Metairie, for Appellee Benson Motor Company and Benson BMW.
Before CANNELLA and DALEY, JJ., and ROBERT M. MURPHY, J. Pro Tem.
CANNELLA, Judge.
Plaintiff, Rebecca Robinson, appeals from a summary judgment in favor of defendants, Benson Motor Company of New Orleans, Inc. (Benson Motor) and Benson BMW. We affirm.
Plaintiff, owner of a Volkswagon Golf automobile, brought it to Benson BMW for repairs to its transmission in March of 1995. The problems continued and the car was returned to Benson BMW on May 2, 1995, where it remained until May 8, 1995, when it was destroyed by flood waters. On June 6, 1995, Mid-Continent Insurance Company paid plaintiff $4,250, the book value of the vehicle, with no deductions for the transmission defect.
On May 8, 1996, plaintiff filed suit for damages alleging various acts of negligence on the part of defendants in the repair of the automobile. Plaintiff asserted that she suffered damages for inconvenience, mental anguish and mental distress caused by defendants' failure to repair her car. On August 8, 1997, defendants filed a Motion for Summary Judgment, which was granted on September 5, 1997.
On appeal, plaintiff asserts that the summary judgment was improperly granted because there are genuine issues of material facts in dispute. Plaintiff also argues that the trial judge erred in granting the motion before discovery was complete and before the case was set for trial.
C.C.P. art. 966, providing for summary judgment procedure, was amended in 1997 as follows:

*1254 A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
Perrin v. Kuehne, 97-196 (La.App. 5th Cir. 12/10/97), 704 So.2d 839, 841.
The parties agree that, unless defendants' actions fall into one of four exceptions, plaintiff cannot recover damages for inconvenience and mental distress for damage to property. Cannatella v. Camp, Dresser & McKee, Inc., 574 So.2d 407 (La.App. 5th Cir. 1991), writ denied 575 So.2d 824 (La.1991) and 575 So.2d 825 (La.1991). One of the exceptions, arguably applicable here, is where the property is damaged by an intentional or illegal act. Id., 574 So.2d at 410.
In paragraph VI of the petition, plaintiff states:
"... The repair of petitioner's automobile by defendant was done negligently in that the transmission was not properly repaired, which was known to the defendant at the time the work was done."
This allegation is insufficient to state a cause of action for intentional failure to repair the vehicle. Plaintiff then attached an affidavit in opposition to the motion stating that she knows that defendants intentionally failed to repair the automobile and that defendants' actions caused her inconvenience and mental anguish. Plaintiff first asserts that defendants' acts were intentional in her affidavit in opposition to the motion. In argument at the hearing, defendants objected that this was not pled in the petition. They thereby objected to any enlargement of the pleadings in this respect. The trial judge did not rule on the enlargement issue, but simply granted the motion. By implication, the trial judge did not permit the enlargement, although it was within his authority under La.C.C.P. art. 1154. Nonetheless, plaintiff's petition fails to assert any facts which would support a cause of action for intentional failure to repair the car by defendants.
*1255 In addition, in her affidavit, plaintiff states that "she knows that the defendants intentionally failed to repair her automobile." However, this statement is a "mere allegation without substance", which will not preclude a summary judgment. Malveaux v. City of Lafayette, 96-191 (La.App. 3rd Cir. 8/28/96), 679 So.2d 1025, 1028; Tolmas v. Weichert, 572 So.2d 764, 767 (La.App. 4th Cir.1990).[1] Thus, we find that the trial judge did not err in granting the Motion for Summary Judgment.
Finally, plaintiff now asserts that the trial judge erred in granting the motion before discovery was complete and before the case was set for trial. However, plaintiff failed to ask for a continuance of the hearing for this or any other reason. This argument is raised for the first time on appeal. Thus, we find that the trial judge did not abuse his discretion in ruling on the motion.
Accordingly, the judgment of the trial court is hereby affirmed. Costs of appeal are assessed to plaintiff.
AFFIRMED.
NOTES
[1] A second appeal related to the reconventional demand was considered in 616 So.2d 244 (La. App. 4th Cir.1993), writ denied, 620 So.2d 878 (La.1993).