756 So.2d 444 (2000)
Lizbeth OLIVA
v.
WINN-DIXIE LOUISIANA, INC. and ABC Insurance Company.
No. 99-CA-831.
Court of Appeal of Louisiana, Fifth Circuit.
January 4, 2000.
Writ Denied March 31, 2000.
*445 Jeffrey S. Winder, Metairie, Louisiana, Attorney for Plaintiff-Appellant Lizbeth Oliva.
Clare W. Trinchard, David P. Curlin, New Orleans, Louisiana, Attorneys for Defendant-Appellee Winn-Dixie Louisiana, Inc.
Court composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Lizbeth Oliva appeals a summary judgment dismissing her slip-and-fall claim against Winn-Dixie Louisiana, Inc. We affirm.
In support of the motion for summary judgment the defendant offered excerpts from the depositions of the plaintiff and of the store manager.
Plaintiff testified in her deposition that on May 30, 1995 she went into the Winn-Dixie store on Severn Avenue in Metairie to cash her paycheck. It was a rainy day. She went first to the service desk to get her check approved for cashing, then to the cashier's line. While standing in front of the cashier's line at the bagging area she fell down. Plaintiff did not know why she fell, but thought her fall was caused by a "wet substance." She did not know what the substance was, how it got on the floor, or how long it had been there. Asked if anyone saw the fall, she responded, "Yes. There was people working there." She described the shoes she was wearing as "sponge sandals."
Jeffrey Beaumont, the assistant store manager on duty at the time, testified in his deposition that it rained heavily that day. Severn Avenue was flooded and the store's parking lot was "halfway covered with water." Because of the heavy rains, double mats had been placed across the entrance doorways. It was extremely quiet in the store and there were few customers. After Beaumont approved plaintiff's check for cashing and plaintiff went to the checkout line, he heard a thump on the floor. When he went to see what had happened, plaintiff told him she had slipped.
Beaumont said the floor appeared to be dry except for two "feetprints" of water where plaintiff had been standing. He described plaintiff's footwear as "open-toed shoes" that were "soaking wet." He had conducted zone check inspections of the area in question on every half-hour prior to plaintiffs fall and "there was nothing on the floor that was previously [sic] before she got there that would make her slip."
The governing substantive law in this case is La. R.S. 9:2800.6, which sets a heavy burden of proof for plaintiffs in slip-and-fall claims against merchants. At the time applicable here, it provided in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

*446 (3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.

* * *
In White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97) 699 So.2d 1081, the Louisiana Supreme Court held that a claimant relying upon constructive notice under this statute must come forward with positive evidence showing not only that the damage-causing condition existed for some period of time, but also that the time period was sufficient to place the merchant defendant on notice of the condition's existence. 699 So.2d at 1082.
Thus, the claimant must make "a positive showing of the existence of the condition prior to the fall," but "a defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." 699 So.2d at 1084. "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." 699 So.2d at 1084-1085.
On a motion for summary judgment, if the movant will not bear the burden of proof at trial on the matter before the court, "the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966. Thus, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial there is no genuine issue of fact. Id.
On appeal plaintiff claims the trial court's grant of summary judgment was premature because her discovery was not complete. We address the issues as framed by plaintiffs brief.

1. Whether the trial court erred in entertaining defendant's motion for summary judgment before discovery was completed.
Plaintiff argues she sought production of a recorded telephone statement taken from the store's assistant manager, Jeffrey Beaumont, by the store's third-party claims administrator. The defendant refused to produce the statement on the ground it was privileged. Plaintiff also argues defendant "never adequately answered" her interrogatories regarding identities of the store employees who witnessed the accident.
Plaintiff filed suit on May 29, 1996, but did not initiate discovery until December 5, 1996, when she submitted a request for production of documents. That was followed by interrogatories on January 31, 1997.
Defendant responded to the request for production on December 19, 1996 and resubmitted the response on February 3, 1997 at plaintiff's request. Defendant answered the interrogatories on February 26, 1997 and supplemented those answers on August 14, 1997. Plaintiff deposed Beaumont on August 28, 1997. Plaintiff neither attempted further discovery nor objected to defendant's responses until after defendant filed a motion to set for trial on March 4, 1998.
After a telephone status conference on April 20, 1998 the trial court set deadlines of July 16, 1998 for filing all discovery, August 17, 1998 for filing all motions, and August 31, 1998 for filing amended pleadings. The court denied defendant's motion to set for trial with the notation, "Discovery not completed."
On April 30, 1998 plaintiff filed a motion to compel and for sanctions, asserting that *447 defendant had refused to respond to a discovery request propounded by plaintiff over a year before. Plaintiff had requested production of "all written and/or recorded statements pertaining to this incident which are in the defendant's possession." In response defendant had provided a copy of plaintiff's statement and had responded that the only other statement was one taken from Jeffrey Beaumont, the store manager, and that the statement is privileged. In the motion to compel plaintiff contended that the statement was not privileged because it was made contemporaneously with the accident Plaintiff asserted that denial of the discovery request would result in unfair prejudice to her case because Beaumont was the only witness besides the plaintiff. Plaintiff argued that discovery of Beaumont's statement would likely lead to relevant evidence and perhaps even disclose the identities of other witnesses.
On May 19, 1998 defendant filed a motion for sanctions against plaintiff's counsel. Defendant asserted that plaintiffs counsel had violated professional conduct rules by engaging in ex parte communications with employees of defendant without notification to defendant's counsel and outside the presence of counsel for defendant.
On June 4, 1998 there was a hearing for both the plaintiff's motion to compel/for sanctions and the defendant's motion for sanctions.
Plaintiff's interrogatories had requested the identities of anyone employed by Winn-Dixie who was present at the time of the incident; none of the interrogatories requested the names of witnesses. The court noted that defendant had provided plaintiff with a list of employees present at the time of the accident and that it is plaintiff's responsibility to determine whether they observed or heard the accident. The court found there was no violation on that issue.
As to Beaumont's statement, the court pointed out that any statement taken from Beaumont after plaintiff had retained counsel is attorney work product and not discoverable. However, since plaintiff argued that a statement had been taken on the day of the accident, the court stated it would permit plaintiff to move for an evidentiary hearing so testimony could be adduced to determine whether Beaumont gave an earlier statement than the one identified by counsel for defendant.
The court deferred therefore ruling on plaintiff's motion to compel, continuing it as an open matter "to allow counsel to bring in the witness at issue" for an evidentiary hearing as to alleged discrepancies in his deposition testimony. The court denied defendant's motion for sanctions on the ground that defendant had insufficient information to support it. The court noted that defendant did not present proof that the persons contacted were current Winn-Dixie employees.
On June 26, 1998 plaintiff's counsel filed a motion for an evidentiary hearing, which was set for July 20, 1998. The hearing did not take place. The parties differ as to the reason why. There is nothing in the record to support either party's assertions; the minute entry for July 20th states, "Motion to compel and mot[ion to] set evidentiary hearing continued to be reset." Neither party filed any motion to reschedule the evidentiary hearing.
However, on August 5, 1998 defendant filed its motion for summary judgment, which was set for September 8, 1998. On August 18, 1998 plaintiff filed a motion to reschedule the summary judgment hearing. Defendant consented to the continuance and the summary judgment hearing was re-set to October 6, 1998. Plaintiff's opposition to the motion for summary judgment referred to her disputes with defendant over the discoverability of Beaumont's statement, but did not mention a need for further discovery or for an evidentiary hearing. Plaintiff never took action either to re-set the evidentiary hearing or to re-file his motion to compel.
*448 At the hearing on the motion for summary judgment on October 6, 1998, plaintiffs counsel did not appear. After argument by defense counsel, the trial court granted summary judgment in defendant's favor. Plaintiffs subsequent motion for new trial alleged that defendant had attempted to suppress evidence and had delayed discovery by filing groundless motions. The trial court denied the motion for new trial.
The record shows that plaintiff requested the the names of employees present in the store at the time of the accident and the trial court ruled that defendant had adequately complied with that request. Further, although plaintiff was given an opportunity for a further evidentiary hearing, plaintiff never filed any motion to reset the hearing when it did not take place on the day assigned.
We find no error in the trial court's decision to entertain the motion for summary judgment. It is the province of the trial court to control the progress of discovery. Where, as here, the plaintiff has had adequate time since the filing of the complaint to secure discovery and has been given the opportunity for additional discovery in the interest of fairness, there is no abuse of the trial court's wide discretion in discovery matters. See Orillion v. Alton Ochsner Med. Found., 97-115 (La. App. 5 Cir. 5/28/97), 695 So.2d 1063, 1065, writ denied, 97-1725 (La.10/13/97), 703 So.2d 617.

2. Whether the trial court erred in failing to grant plaintiff's motion for extension of discovery cutoff dates.
Plaintiff argues the trial court erred in finding that plaintiff's motion for extension of discovery dates, filed on August 28, 1999, was moot. We note, however, that the motion for extension of discovery dates was filed more than a month after July 16, 1998, the discovery deadline set by the court.
It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Central Railroad Co., 93-0783 (La.1/14/94), 631 So.2d 401, 406. Despite plaintiffs assertions that the trial court had stated the discovery cut-off dates would be flexible, we find no abuse of the trial court's discretion.

3. Whether the trial court erred in not permitting plaintiff's counsel to move forward with the evidentiary hearing on July 20, 1999.
As mentioned above, the parties' version of events taking place on the date set for the evidentiary hearing differ and the record does not establish why the hearing failed to go forward. Plaintiff asserts the trial court refused to allow the hearing to go forward. Defendant asserts that its counsel appeared with the witness, but that plaintiff's counsel stated he did not know whether he wished to go forward with the hearing, left the courtroom, and did not return. Whatever may be the case, plaintiff did not re-file her motion for an evidentiary hearing; therefore, the trial court did not err by failing to hold the hearing. Robinson v. Benson Motor Co. of New Orleans, 98-203 (La.App. 5 Cir. 8/25/98), 717 So.2d 1252, 1255.

4. Whether the trial court erred in granting summary judgment in light of the defendant's own admissions and by not following precedent to the contrary regarding "rainy day" cases.

and

5. Whether the trial court erred in granting the defendant's motion for summary judgment when there existed other genuine issues as to material facts.
In Assignment No. 4, plaintiff contends that Beaumont's deposition testimony was inconsistent on certain points, *449 which she contends raise material fact issues as to whether the store had notice of either water or a foreign substance on the floor. She argues the court's finding that defendant was entitled to summary judgment "directly contradicts" precedent, citing other cases involving rainy-day slip-and-fall accidents.
In Assignment No. 5, she asserts there are other fact issues such as when the floors were last inspected prior to the accident and whether the presence of employees in the vicinity where plaintiff's accident occurred constitutes constructive notice.
We find no merit to either of these arguments. Defendant, as movant on this motion for summary judgment, needed only to point out an absence of factual support for one or more elements of plaintiffs claim. The information offered in support of the motion for summary judgment showed that defendant could present evidence that plaintiff would be unable to establish either how long the water or other substance was on the floor or that it was on the floor long enough to place defendant on notice of its existence. Further, defendant had evidence that plaintiff slipped in water draining from her own shoes. That evidence negates the statutory requirement that plaintiff show "the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. R.S. 9:2800.6(B)(2). Plaintiff presented no countervailing evidence.
Plaintiff did not show the condition existed for some time before the fall and, therefore, did not show she would be able to satisfy her evidentiary burden at trial. La. C.C.P. art. 966; White v. Wal-Mart Stores, Inc., supra. In Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.4/13/99), 733 So.2d 1188, 1191, the supreme court reaffirmed White's strict construction of the statutory mandate that plaintiff prove constructive notice under La. R.S. 9:2800.6, even in "rainy day" cases:
In the instant case, plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening in question. However, plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition.
The "fact issues" to which plaintiff alludes on appeal are immaterial in the face of her inability to prove this "essential element" of her case.
Accordingly, we find no error in the trial court's grant of summary judgment. The judgment is affirmed and the parties are cast to pay their own costs on appeal.
AFFIRMED.