849 So.2d 759 (2003)
Lertrina RHEA
v.
WINN DIXIE MARKET PLACE STORE and its XYZ Insurance Company, Inc.
No. 2002-CA-2181.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2003.
*760 Pius A. Obioha, New Orleans, LA, for Plaintiff/Appellant.
Mary C. Ehret, Robert E. Peyton, Christovich & Kearney, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
The plaintiff, Lertrina Rhea, filed suit against defendants, Winn Dixie Market Place Store and its insurer, for injuries allegedly sustained in a slip and fall accident which occurred on March 5, 2001. The plaintiff alleged that she slipped on a broken jar of baby food and injured her ankle, leg and back. The defendants filed an answer denying plaintiff's allegations and subsequently filed a motion for summary judgment arguing that the plaintiff could not meet her burden of proof. After a hearing on August 16, 2002, the trial court rendered a written judgment on August 21, 2002, granting defendants' motion for summary judgment and dismissing plaintiff's case. On appeal, the plaintiff argues that the trial court erred when it granted the defendants' motion for summary judgment.
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If, as here, the mover will not bear the burden of proof at trial, his or her burden on the motion does not require him or her to negate all essential elements of the plaintiff's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La. C.C. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La.App. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he or she will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31-258 *761 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.
The governing substantive law in this case is La. R.S. 9:2800.6, which sets a heavy burden of proof for plaintiffs in slip-and-fall claims against merchants. The statute provides in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition, which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
In White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97), 699 So.2d 1081, the Louisiana Supreme Court held that a claimant relying upon constructive notice under this statute must come forward with positive evidence showing not only that the damage-causing condition existed for some period of time, but also that the time period was sufficient to place the merchant defendant on notice of the condition's existence. 699 So.2d at 1082. Thus, the claimant must make "a positive showing of the existence of the condition prior to the fall," but "a defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." 699 So.2d at 1084. "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." 699 So.2d at 1084-85.
In the present case, the defendants supported their motion for summary judgment with the plaintiff's deposition in which she testified that she did not know how the broken baby food jar got on the floor. The plaintiff stated that she did not see the baby food on the floor until after she started to slip. She testified that it "looked like someone had just dropped it" and that the baby food "looked to be fresh." She stated that she could not say how long the food was on the floor. She acknowledged that no one saw her accident. She reported the slip and fall to the cashier when she walked to the front of the grocery. The plaintiff did not *762 produce any documents, affidavits or depositions in opposition to the defendants' motion for summary judgment. She did not produce any evidence to show that she would be able to meet her burden of proof that the defendants had actual or constructive notice of the broken jar of baby food. Thus, the trial court did not err when it granted the defendants' motion for summary judgment.
On appeal, the plaintiff contends that the trial court erred in considering the motion of summary judgment prior to the completion of discovery. The record reveals that the plaintiff had more than enough time to complete discovery prior to the motion of summary judgment but failed to do so. The plaintiff filed her petition on July 21, 2001, and defendants answered the petition on November 30, 2001. The defendants took plaintiff's deposition on March 20, 2002, after several attempts to schedule the deposition. In fact, the defendants filed a motion to compel deposition and sanctions on February 6, 2002. The trial court, on March 11, 2002, ordered the plaintiff to appear for her deposition within thirty days of the order or her case would be dismissed. In April and May of 2002, the defendants sent plaintiff correspondence seeking information on plaintiff's intent to take any additional discovery. Defendants did not file their motion for summary judgment until July 10, 2002. The trial court conducted a hearing on the motion for summary judgment on August 16, 2002.
It is the province of the trial court to control the progress of discovery. Where, as here, the plaintiff had adequate time since the filing of the complaint to secure discovery and was given the opportunity for discovery, there was no abuse of the trial court's wide discretion in discovery matters. See Orillion v. Alton Ochsner Med. Found., 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063; Oliva v. Winn-Dixie Louisiana, Inc., 99-831 (La.App. 5 Cir. 1/4/2000), 756 So.2d 444. The trial court did not commit error in its decision to entertain the motion for summary judgment.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.