885 So.2d 1257 (2004)
Martin C. SHAMBRA, Sr., Argonaut Great Central Insurance Company, Deuce & Four-Top, Inc. d/b/a Peristyle, and Scottsdale Insurance Company
v.
Lisa ROTH, ABC Insurance Company, Black & Decker (U.S.), Inc., and XYZ Insurance Company.
Elizabeth Roth
v.
Scottsdale Insurance Company, Martin C. Shambra and Shambra, Inc.
Nos. 2004-CA-0467, 2004-CA-0468.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 2004.
*1258 Rachel S. Kellogg, Timothy G. Schafer, Schafer & Schafer, New Orleans, LA, for *1259 Defendants/Appellees, Lisa Roth and USAA Cas. Ins. Co.
Terrill W. Boykin, Kriste L. Talton, Bordenave, Boykin & Ehret, New Orleans, LA, for Defendant/Appellee, Black & Decker.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR.).
MICHAEL E. KIRBY, Judge.
On November 28, 1999, a fire heavily damaged the building located at 900 North Rampart Street in New Orleans that housed Peristyle Restaurant on the first floor and an apartment leased by Lisa Roth (Roth) on the second floor. Two lawsuits were filed in connection with that fire. In the first action, Martin C. Shambra, Jr. (Shambra), the owner of the property, his insurer, Scottsdale Insurance Company (Scottsdale), Deuce & Four Top, Inc., d/b/a/ Peristyle (Peristyle), and its insurer, Argonaut Great Central Insurance Company (Argonaut), named Roth, her renters' insurance provider, USAA, and Black & Decker (U.S.), Inc. (Black & Decker) as defendants. That suit alleged that the fire started as a result of Roth's negligence and/or a defective Black & Decker toaster oven located in Roth's apartment. Roth brought the second action against Shambra, Scottsdale and Black & Decker alleging that the property at issue was in an unreasonably dangerous condition at the time of the fire, and that the toaster oven was a cause of the fire. Both matters were consolidated in the trial court.
On August 6, 2003, Roth and USAA filed a motion for summary judgment, asking for dismissal of the claims asserted against them by Shambra, Argonaut, Peristyle and Scottsdale. The motion was brought before the trial court on November 17, 2003. Judgment was rendered on December 18, 2003, granting the motion for summary judgment and dismissing the action against Roth and USAA. Black & Decker, as co-defendant with Roth, and USAA, now appeal that ruling.
In Black & Decker's appeal, it argues that: (1) the trial court erred in granting the motion for summary judgment when material questions of fact remain as to Roth's responsibility for the fire and (2) the trial court erred in granting the motion for summary judgment when discovery was incomplete.
Black & Decker contends that the exact source of the fire is a disputed issue of fact, considering the varied theories espoused by investigators. These theories, as argued by Black & Decker, include: faulty wiring; placement and use of a power strip; faulty installation/repair of an air conditioning /heating system; circuit breaker overload; and Roth's misuse of the toaster oven. Black & Decker submits that because Roth may be found to have at least partial responsibility for any of these causes, material issues of fact remain.
Roth and USAA argue that evidence presented in support of the motion for summary judgment sufficiently demonstrates that Roth is free from fault, and that Black and Decker failed to produce any evidence in support of its opposition to the motion that would demonstrate any fault on the part of Roth.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480, p. 2 (La.4/11/94), 634 So.2d 1180, 1182; Alexis v. Southwood Ltd. Partnership, XXXX-XXXX, p. 2 (La.App. 4 Cir. 7/18/01), 792 So.2d 100, 101. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two *1260 Feathers Enterprise, Inc. v. First National Bank of Commerce, 98-0465, p. 3 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
The action against Roth is based in negligence. Specifically, the petition for damages alleges Roth's negligence in connection with her misuse of the toaster oven and/or her possession of a defective toaster oven. As such, determinations of negligence are based on a duty/risk analysis.
Under La. C.C. art. 2315, negligence claims are examined using a duty/risk analysis, wherein the plaintiff must prove each of the following elements: (1) defendant's conduct was a cause in fact of the plaintiff's injuries; (2) the defendant had a duty to conform conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant's conduct was the legal cause of plaintiff's injuries; and (5) plaintiff sustained actual damages. Roberts v. Benoit, 605 So.2d 1032, 1051 (La.1991). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. See Mathieu v. Imperial Toy Corporation, 94-0952, p. 11 (La.11/30/94), 646 So.2d 318, 326.
The first step in determining liability under the duty-risk analysis is to determine cause in fact which essentially involves a "but for" inquiry. Cormier v. Albear, 99-1206, p. 6 (La.App. 3 Cir. 2/2/00), 758 So.2d 250, 254. In other words, it must be determined that the fire would not have occurred but for Roth's actions.
In the case at hand, the supporting documentation that accompanied the motion for summary judgment included excerpts of depositions and reports from numerous fire investigators, Roth's deposition, and the deposition of John Gula, who was with Roth on the night of the fire.
The deposition testimony of both Roth and Gula established that the toaster oven was off on the night of the fire, that it had not been used for quite some time before the fire as Roth had been out of town, and that Roth never experienced a problem with the appliance. Nothing found in any of the experts' reports contradicts these assertions. In fact, the experts who examined the toaster oven after the fire concluded that the oven was plugged in but in the off position, and that it had not been used immediately prior to the fire. Further, the report from Engineering and Fire Investigations, Inc., ruled out unextinguished smoking materials, open flame from a lit candle or any ignitable liquid accelerant as cause of the fire. In sum, there is no evidence in the record to show any negligence on the part of Roth or to demonstrate that any of her actions were a cause in fact of the fire.
Although there is dispute between some of the experts as to the origin of the fire, *1261 no expert has concluded that the toaster oven was left on, and no expert has opined that any of Roth's actions caused the fire. Experts Dennis Scardino and James Moore opined that the controls on the toaster oven most likely malfunctioned, causing the heating elements to energize. Expert George Hero concluded that the source of the fire was the building's wiring system. Clearly, that theory, if proven correct, would not implicate Roth.
Black & Decker argues that Roth may have misused the toaster oven by placing paper products in close proximity to the oven and/or that she had a duty to leave the toaster oven unplugged. However, Black & Decker offered no documentation in support of its claims that Roth was negligent. After our de novo review, we find that the record completely lacks any suggested basis for Roth's liability. Accordingly, we find no error on the part of the trial court in granting the motion for summary judgment.
Finally, we find no merit in Black & Decker's argument that summary judgment was premature because of ongoing discovery. This case was initiated in July of 2000. The record is replete with requests for interrogatories, production of documents, records subpoenas, and depositions of the parties, witnesses and numerous experts. We conclude, therefore, that Black & Decker had ample opportunity to conduct discovery prior to the hearing on the motion for summary judgment.
As this court has recently set forth in Rhea v. Winn Dixie Market Place Store, 2002-2181 (La.App. 4 Cir. 6/4/03), 849 So.2d 759, it is the province of the trial court to control the progress of discovery. As further stated in Rhea, it is not an abuse of the trial court's wide discretion in discovery matters to entertain a motion for summary judgment when the parties have had adequate time to secure discovery. See Orillion v. Alton Ochsner Med. Found., 97-115, p. 6 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063, 1065; Oliva v. Winn-Dixie Louisiana, Inc., 99-831, p. 7 (La.App. 5 Cir. 1/4/00), 756 So.2d 444, 448.
For the foregoing reasons, the trial court judgment granting summary judgment in favor of Roth and USAA and dismissing the claims asserted against them by Shambra, Argonaut, Peristyle and Scottsdale is hereby affirmed.
AFFIRMED
ARMSTRONG, C.J., concurs.
ARMSTRONG, C.J., concurs.
I respectfully concur in the decision to affirm the judgment of the trial court.