PATRICIA RIVET MURRAY, Judge.
| -i Defendants appeal the trial court’s granting of summary judgment in favor of the plaintiff, Charmaine Johnson, declaring that Ms. Johnson’s testamentary usu-fruct of her residence attached to insurance proceeds that were paid as a result of its damage by Hurricane Katrina, which rendered the house uninhabitable. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
Defendants John A. Laney, IV, and Troy C. Laney are the plaintiffs grandchildren, the minor children of her son, John Laney, III, who died in 1986. Defendant Deborah Gambino is the mother of John A. Laney, IV, and defendant Julie Bonnano is the mother of Troy C. Laney. In his will, John Laney, III, bequeathed to his mother, Charmaine Johnson, the usufruct of the land and improvements located at 751 Fil-more Avenue, where he was living with his mother at the time of his death. The naked ownership of the property was bequeathed to a trust for the benefit of Mr. Laney’s two minor sons, naming their respective mothers as trustees. Ms. Johnson was living in the home until Hurricane Katrina ^struck on August 29, 2005. Because of the severe damage done to the home by the hurricane, Ms. Johnson now lives in Houston.
State Farm provided insurance coverage (both homeowner’s and flood) for 751 Fil-more Avenue. On January 23, 2006, Ms. Johnson filed a petition for declaratory judgment seeking to have the court de-dare that the insurance proceeds paid by State Farm to compensate for the loss of and/or damage to the home and its contents were subject to her usufruct. State Farm had issued four checks, one covering the building and one covering its contents under each of two policies — -the flood policy and the homeowner’s policy. All four checks were made payable to Ms. Johnson as usufructuary, Ms. Gambino as trustee for John A. Laney, IV, and Ms. Bonnano as trustee for Troy C. Laney. On May 1, 2006, the trial court ordered that these checks be endorsed by all payees and deposited into the registry of the court pending the resolution of the lawsuit.[1]
Having filed an answer to the plaintiffs petition in April, the defendants on May 8, 2006, filed a “Reconventional and Third Party Demand.” In the reconventional demand, defendants asserted that plaintiff is liable to them for violating the 1990 court-approved agreement that settled the succession of John Laney, III. In essence, defendants claimed Ms. Johnson had mismanaged funds in a certain “controlled” bank account of which she is usufructuary and they are the naked owners, and demanded that the trial court order that she render an accounting of her usufruct. Defendants also alleged that Ms. Johnson had abused Rher usufruct over movables, specifically firearms, located at 751 Filmore Avenue, by failing to file an insurance claim regarding their loss. Defendants further alleged that plaintiffs abuse of her usufruct is cause for the court to order that the usufruct be terminated or, alternatively, to order the usufructuary to post security to ensure she will take appropriate corrective measures within a period of time fixed by the court.[2] Finally, in their *420 third party demand, defendants alleged that Chase Investment Services Corporation (where the bank account is maintained), is liable to them for recommending investments to the plaintiff and for permitting her to make unauthorized withdrawals from the account in violation of the settlement agreement.[3]
On June 9, 2006, Ms. Johnson filed a motion for summary judgment arguing that there was no genuine issue of fact regarding the claims raised in her original petition, that her usufruct attached to the insurance proceeds as a matter of law, and that therefore she was entitled to the State Farm checks deposited into the court’s registry. On July 18, 2006, the trial court, after hearing the matter, rendered summary judgment in favor of the plaintiff, citing La. C.C. art. 617 as the basis for its holding that the plaintiffs usufruct attached to the insurance proceeds. The trial court then ordered that the funds be disbursed to Ms. Johnson, “who shall hold |4them in usufruct subject to the rights of the naked owners.... ” Defendants appeal this judgment.[4]
APPLICABLE LAW
The appellate court reviews summary judgments de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Shambra v. Roth, 04-0467 (La.App. 4 Cir. 9/29/04), 885 So.2d 1257. Accordingly, a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
DISCUSSION
In the instant case, there are no facts in dispute. In their answer to the plaintiffs petition for declaratory judgment, the defendants admitted every allegation of fact asserted by the plaintiff. The only allegations defendants denied are those in Paragraphs 16 and 19, which stated conclusions of law. In those two paragraphs, respectively, the plaintiff asserted that she, as usufructuary, was entitled to the insurance proceeds and asked that the court render judgment declaring her right to them. Similarly, the plaintiffs motion for summary judgment included a statement of undisputed facts supported by documentary evidence, deposition testimony, and an affidavit. In opposition to the motion, | .^defendants presented only a memorandum asserting legal arguments and a copy of the aforementioned agreement settling the succession of John Laney, III, which agreement actually supports the plaintiffs factual assertions.
*421 Thus, the sole issue before this court is whether, as a matter of law, the plaintiffs usufruct of 751 Filmore Avenue attaches to the proceeds of the homeowner’s and flood policies covering the property. We hold that it does.
La. C.C. art. 617, entitled “Proceeds of Insurance” states:
When proceeds of insurance are due on account of loss, extinction, or destruction of property subject to usufruct, the usufruct attaches to the proceeds. If the usufructuary or the naked owner has separately insured his interest only, the proceeds belong to the insured party.
On appeal, the defendants argue that this article does not apply to the instant situation for two reasons: (1) the plaintiff failed to prove that the property subject to the usufruct was totally destroyed; and (2) the undisputed facts indicate that they separately insured their interest within the terms of Article 617. We address each argument in turn.
First, defendants argue that Ms. Johnson failed to introduce any evidence to prove that the insured movable and immovable property was lost, extinct or destroyed as required by Article 617. Citing La. C.C. art. 613 as authority, they further assert that “loss, extinction or destruction” as used in the Civil Code means “total loss, extinction or destruction.” La.C.C. art. 613 states:
The usufruct of nonconsumables terminates by the permanent and total loss, extinction or destruction through accident or decay of the property subject to the usufruct.
Contrary to defendants’ argument, Article 613 does not purport to define the terms or phrase “loss, extinction or destruction” as used in the entire Civil Code. | ^Instead, the legislature has qualified those terms as used in that particular article by including the adjectives “permanent and total.” Plaintiff has never contended that Hurricane Katrina completely destroyed all the property subject to her usufruct, only that it damaged the house to the extent that it became uninhabitable. It is undisputed that the land upon which the house sits is still in existence. Therefore, Article 613 is not applicable to the instant situation, but Article 617 clearly is. Article 617 does not require the total loss or destruction of all the property subject to the usufruct, but rather the loss or destruction of at least some of the property, which loss is compensated for by insurance proceeds. Article 617’s declaration that the usufruct attaches to the insurance proceeds in this circumstance comports with several other companion Code articles that determine what happens to the usu-fruct of property in other, similar circumstances. See, e.g., La. C.C. art. 614 (When property is lost or destroyed by fault of a third person, the usufruct attaches to any claim for damages); La. C.C. art. 615 (When property changes form or is converted to money without any act of the usufructuary, the usufruct attaches to the new form of the property or to the money); La. C.C. art. 616 (When property is sold, the usufruct attaches to the proceeds of the sale). We therefore reject defendants’ first argument.
Defendants next argue that they are entitled to a portion of the insurance proceeds because they separately insured their interest (the naked ownership of the property) within the terms of Article 617. However, defendants presented no evidence indicating that they separately insured their interest. They argue that the premiums for the insurance were paid from the principal amount in the so-called “controlled” bank account, which they claim is their “separate property.” However, this assertion is contradicted by the *422 written settlement agreement, which 17gives the plaintiff the usufruct over the account and the responsibility of paying the premiums. Moreover, defendants cite no authority for the proposition that their payment of the insurance premiums, even if such were proved, would equate to the separate insuring of their interest in the property.
The State Farm agent, Joseph Raymond, testified in his deposition that both the homeowner’s policy and the flood policy in effect at the time of Hurricane Katrina were originally purchased by John La-ney, III, during his lifetime. In 1990, pursuant to the agreement settling Mr. Laney’s estate, Mr. Raymond changed the name of the “insured” on each policy to read:
Charmaine R. Johnson, usufruct. This was a succession of John A. Laney, III, the property given to his mother. Please list as additional insureds the following: Deborah B. Gambino, trustee for John A. Laney, IV and Julie Raymond Bonnano, trustee for Troy C. La-ney.
Mr. Raymond further testified that none of the four defendants had ever approached him about insuring their naked ownership interest in the property in question; nor had any of them ever requested that he do so or filled out an application for insurance on said property.
The defendants presented no evidence to contradict Mr. Raymond’s testimony. Moreover, defendants cite no authority for the proposition that the mere inclusion of their names as additional insureds on the policies equates to the separate insuring of their naked ownership interest. Therefore, we reject defendants’ contention that they separately insured their interest in the property.
CONCLUSION
Accordingly, for the reasons stated, we find no error in the trial court’s granting of summary judgment declaring that the plaintiffs usufruct attaches to the insurance proceeds and ordering the disbursement of those funds to Ms. Johnson. |sWe therefore affirm the judgment of the trial court, and remand the matter to that court for further proceedings consistent with this opinion.
AFFIRMED AND REMANDED.

. Ms. Johnson originally named State Farm as a defendant in her petition, but later she voluntarily dismissed her claim against State Farm in response to State Farm’s exception of no cause of action.

. It is not completely clear from the recon-ventional demand which usufruct (the one *420 over the bank account or the one over 751 Filmore Avenue, or both) defendants allege should be terminated.

. We note that the defendants' allegations against Chase do not meet the criteria of a third party demand. See La. C.C.P. art. 1111. In actuality, defendants are naming Chase as an additional defendant to their re-conventional demand. See La. C.C.P. art. 1064.

. The trial court signed the order of appeal, but did not certify the judgment as final pursuant to La. C.C.P. art. 1915(B). The record reflects that the trial court has retained jurisdiction over the reconventional demand. Because the granting of summary judgment has resolved all of the issues presented in the principal demand, the judgment is a final, appealable judgment pursuant to La. C.C.P. art. 1915(A)(3), without need of certification. See Jackson Nat. Life Ins. Co. v. Kennedy-Fagan, 03-0054, pp. 4-5 (La.App. 1 Cir. 2/6/04), 873 So.2d 44, 47-48, writ denied, 04-0600 (La.4/23/04), 870 So.2d 307.